UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                    No. 1:21-cr-99

vs.                              Hon. Janet T. Neff
                                      United States District Judge

JONATHAN JOSHUA MUNAFO,

          Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Jonathan Joshua Munafo and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>.  The defendant agrees to plead guilty to Count 1 of the indictment, which charges him with making an interstate threatening communication, in violation of 18 U.S.C. § 875(c).

2. <u>The Defendant Understands the Crime</u>.  In order for the defendant to be guilty of Count 1, the following must be true:

    a. the defendant knowingly sent a communication containing a threat to injure another person;

    b. the communication was sent in interstate commerce; and

    c. the defendant sent the communication for the purpose of issuing a threat, or with the knowledge that it would be viewed as a threat.

The defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose is five years' imprisonment; a $250,000 fine; three years' supervised release; and a $100 mandatory special assessment.

4. <u>Mandatory Restitution</u>. The defendant understands that he will be required to pay full restitution as required by law.

5. <u>Probation/Parole Revocation</u>. The defendant understands that if he is presently on probation or parole in another case, the conviction in this case may result in revocation of such probation or parole.

6. <u>Factual Basis of Guilt</u>. The defendant and the U.S. Attorney's Office stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

   a. On January 5, 2021, the defendant called the Calhoun County Sheriff's Office dispatch line and demanded to speak to a Sheriff's deputy or sergeant. When the dispatcher advised him there were no deputies in the dispatch center, the defendant became abusive, and the dispatcher disconnected his call. The defendant called back approximately 143 times over the course of four hours.

   b. During two of the calls (at 7:25 p.m. and 7:26 p.m. respectively), the defendant threatened to injure and kill the dispatcher, using the words set forth in Counts 1 and 2 of the indictment.

   c. The defendant placed the calls from North Carolina, using a cellular telephone.

   d. The defendant intended his statements as threats, and knew they would be taken as threats by the dispatcher when he made them.

 7. <u>The U.S. Attorney's Office Agrees</u>:

   a. <u>Dismissal of Other Counts</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against the defendant at the time of sentencing. The defendant understands, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure or variance from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure or variance is, in fact, warranted.

   b. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to such request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the U.S. Attorney's Office will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

8. <u>The Sentencing Guidelines</u>. The defendant understands that although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing him. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court will make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of his plea.

9. <u>There Is No Agreement About The Final Sentencing Guidelines Range</u>.

The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and

4

public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a.    The right to the assistance of counsel, including if he could not afford an attorney, the right to have the court appoint an attorney to represent him;

    b.    The right to be presumed innocent and to have the burden of proof placed on the government to prove his guilt beyond a reasonable doubt;

    c.    The right to confront and cross-examine witnesses against him;

    d.    The right, if he wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify;

    e.    The right not to be compelled to testify, and, if he chose not to testify or present evidence, to have that choice not be used against him.

By pleading guilty, the defendant also gives up any and all rights to pursue in this court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

    11.    <u>Limited Waiver of Appeal and Collateral Attack</u>.

    a.    <u>Waiver</u>:    In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, except as listed below.

5

    b.  <u>Exceptions</u>: The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

     i. The sentence on any count of conviction exceeded the statutory maximum for that count;

     ii. The sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

     iii. The district court incorrectly determined the Sentencing Guidelines range, in a way to which the defendant objected at sentencing;

     iv. The sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

     v. The guilty plea was involuntary or unknowing;

     vi. An attorney who represented him during the course of this criminal case provided ineffective assistance of counsel.

12. <u>FOIA Requests</u>. The defendant hereby waives all rights, whether asserted directly or by representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court Is Not a Party to This Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that,

even if the court ignores such a recommendation or imposes any sentence up to the maximum established by statute, he cannot, for that reason withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one can make a binding prediction or promise regarding the sentence that he will receive, except that it will be within the statutory maximum.

14. <u>This Agreement Is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other Federal, State or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or for future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under its terms. In the event the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to

raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement.</u>   This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

3/22/2022
Date

*Digitally signed by NILS KESSLER*
*Date: 2022.03.22 20:22:30 -04'00'*

NILS R. KESSLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

May 20, 2022
Date

JONATHAN JOSHUA MUNAFO
Defendant

I am Joshua Jonathan Munafo's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of

8

entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

<table>
<tr><td>_5/20/2022_<br>Date</td><td>_____<br>JAMES STEVENSON FISHER<br>Attorney for Defendant</td></tr>
</table>