UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               No. 1:21-cr-99

vs.                           Hon. Janet T. Neff
                                    United States District Judge

JONATHAN JOSHUA MUNAFO,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

In his sentencing memorandum, the defendant claims his offense was not motivated by the victim's status as a government employee, and argues the guideline enhancement for "official victim" should therefore not apply. Because neither the facts not the law support the defendant's contention, the enhancement should be apply.

FACTS

1.       Defendant Munafo pled guilty in May 2022 to making an interstate threatening communication, in violation of 18 U.S.C. § 875(c). (R. 53: Minutes of Change of Plea; R. 50: Plea Agreement, PageID.125; R. 17: Indictment, PageID.17.) He made approximately 143 harassing calls to the Calhoun County Sheriff's Office, including threats to mutilate a dispatcher and harm her family. (R. 64: PSR ¶¶ 11-14, PageID.224-25.)

2. As the government advised U.S. Probation, the PSR accurately reflects the offense conduct and correctly scores the advisory sentencing guidelines. The defendant noted only one objection, asserting that he was not motivated by the victim's status as a government employee. (R. 64: PSR Addendum, PageID.258.) He recently wrote to clarify that he was not contesting her status as a government employee. (R. 69: Def's Sent. Memo., PageID.280.) He argues instead that he was motivated by an (admittedly incorrect) perception that she was "rude and condescending," rather than her official status. (*Id.*)

3. Several uncontested facts in the presentence report are pertinent to the defendant's argument:

a. The defendant called the Calhoun County Sheriff's Office (CCSO) of his own volition, demanding to talk to a Deputy Sheriff or supervisor about a social media post he had seen. (R. 64: PSR ¶ 12, PageID.224; R. 69: Def's Sent. Memo., PageID.273.) He specifically stated, "Put a cop on the phone…or it's going to go way worse for your family." [1] (R. 64: PSR ¶ 14, PageID.225.)

b. The defendant told the dispatcher that he would continue tying up their phone lines unless they acceded to his request, stating, "We can keep this going all night … You literally willing to put people's lives in jeopardy? … If that sergeant doesn't call me you can expect a call every two seconds." (*Id.*, ¶ 13,

---

[1] The defendant's expletives have been removed in order to focus on facts pertinent to the legal argument.

PageID.225.) He added, "You're putting people's lives in jeopardy by me tying up the line." (*Id*, ¶ 14.)

    c.    The defendant refused to identify himself except as "Yankee Patriot," and acknowledged that he expected to be charged criminally for each call. (*Id.*, ¶¶ 14-15, PageID.225.)

    d.    The victim had never dealt with the defendant before, and did not know his identity. (R. 64: PSR ¶ 16, PageID.226.) The defendant did not know the dispatcher either, and has not alleged he had any personal dispute with her outside her official capacity. On the contrary, he admits, "I said awful, disgusting and frightening threats in an effort to harass a dispature (sic) who I believed was fielding/screening calls." (R. 64: PSR ¶ 24, PageID.227.)

    e.    The defendant engaged in similar behavior on September 17, 2020, when he called the Massachusetts State Police barracks on multiple occasions, made profane and verbally abusive statements, and refused to state his name or emergency. (R. 64: PSR ¶ 54, PageID.236.)

## LAW AND ARGUMENT

The offense level is increased by 3 where the victim was a government employee, and the offense of conviction was motivated by such status. USSG § 3A1.2(a). For the purposes of the enhancement, "motivated by such status" means that the offense of conviction was motivated by the fact that the victim was a government officer or employee. *Id.*, Application Note 3. "This adjustment would not

apply, for example, where both the defendant and the victim were employed by the same government agency and the offense was motivated by a personal dispute." *Id*.

The victim's official status need not be the sole motivation. *United States v. Hopper*, 436 F. App'x 414, 429 (6th Cir. 2011). The defendant's other motives are incidental: "A person who kidnaps and ransoms an official cannot avoid the enhancement by claiming that he only did it for the money." *United States v. Abbott*, 221 F. App'x 186, 189 (4th Cir. 2007). In that case the defendant told a North Carolina official, "You are supposed to be the secretary of state, and you don't do anything to help …with the prison overpopulation." *Id*. Like the defendant in *Abbott*, Munafo specifically called a government agency about an issue he believed was within its purview. Having originated the call for that reason, he cannot now claim he only did it because he thought the dispatcher was "rude and condescending."[2]

Where there is no evidence of a personal dispute, it stands to reason that the motivating factor behind the threat was the victim's official status. *See United States v. Snipes*, 466 F. App'x 800 (11th Cir. 2012). Munafo and the victim dispatcher did not know each other, and had never spoken before. By his own admission, he only threatened her because she was "screening" his calls and preventing him from talking to a Sheriff's Office supervisor. In other words, exercising her official duties as a county employee.

---

[2] The recordings establish the dispatcher was consistently polite and professional notwithstanding her ordeal.

4

The defendant attempts to distinguish *United States v. Manns*, 690 F. App'x 347, 348 (6th Cir. 2017) on the ground that he did not "intend to spur official action" against anyone else. (R. 69: Def's Sent. Memo., PageID.280). That is a distinction without a difference, as such intent is not an element of § 3A1.2. In any event, U.S. Probation cited *Manns* for the proposition that county employees are also covered by § 3A1.2, which Munafo does not contest. (R. 64: PSR Addendum, PageID.260.)

Munafo argues his case is more like *United States v. Kohut*, 553 F. Supp. 3d 964, 965 (D.N.M. 2021), where a disturbed defendant assaulted a postman who happened to be passing by his house. (R. 69: Def's Sent. Memo., PageID.282-83.) He suggests that like Kohut (who might have assaulted anyone), the dispatcher's "status as a government employee was incidental" to him. (*Id.*, at 283.) The comparison does not hold up: In *Kohut*, the postman happened to come to the assailant, and there was no evidence that his employment factored into the assault. Munafo, on the other hand, initiated contact with the victim; and threatened her because her government agency was not addressing his grievance.

Munafo claims he "would have reacted the same way had he called … any customer service representative over some private matter." (R. 69: Def's Sent. Memo., PageID.283.) But he consciously leveraged the victim's official status to get what he wanted: When he told her lives would be lost while he tied up the CCSO dispatch line, he made a threat that would have been meaningless outside the context of her official duties.

Perhaps most importantly, Munafo *knew* he was interfering with an important official function at the time he made the calls. That is why he refused to identify himself, acknowledged that each call would result in a criminal charge, and told police they would never find him. It is no coincidence that Munafo evidenced the same consciousness of guilt when he harassed the Massachusetts State Police in 2020.

## CONCLUSION

Because § 3A1.2 applies in this case, the correct advisory guideline range is 18-24 months, based on a total offense level of 14 and a criminal history category of II. The government requests the Court impose a sentence at the high end of that range, which is sufficient but not greater than necessary to accomplish the statutory goals of sentencing.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: October 21, 2022

   */s/ Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
*nils.kessler@usdoj.gov*